RECEIVED
IN LAKE CHARLES, LA
SEP 13 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00120 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HOWARD HARRIS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

The defendant, Howard Harris, seeks a jury instruction on duress, justification, or coercion. Fifth Circuit Pattern Instruction 1.36. The Government opposes this instruction.

A defendant who seeks an instruction on an affirmative defense such as duress must present sufficient evidence for a reasonable jury to find in the defendant's favor. *See United States v. Valentin,* 270 Fed.App'x. 340, 341, 2008 WL 749555, 1 (5th Cir. 2008); *United States v. Stone,* 960 F.2d 426, 432 (5th Cir.1992).

A defendant is entitled to a jury instruction on the affirmative defense of duress if he carries his burden of showing that he was subject to an imminent and impending threat that induces fear of death or serious bodily injury, that he had not recklessly placed himself in such circumstances, and that he had no reasonable alternative but to violate the law to avoid the threatened harm. *United States v. Posada-Rios,* 158 F.3d 832, 873 (5th Cir.1998). The threat must be a "real emergency leaving no time to pursue any legal alternative." *Id.* at 874; *United States v. Constante,* 2010 WL 2332083, 1 (5th Cir. 2010).

Evidence of a mere 'generalized fear' does not satisfy the requirement of a well-founded fear

of impending death or serious bodily harm" for a duress defense. *United States v. Villegas,* 899 F.2d 1324, 1344 (2d Cir.1990); *United States v. Posada-Rios,* 158 F.3d at 873-75.; *United States v. Garcia,* 312 Fed.App'x. 620, 621-622, 2009 WL 484213, 1 ( 5th Cir. 2009).

In the case at bar, Harris merely states that he is entitled to the jury instruction because he believes that he was the victim of abusive physical force and harassing searches that would justify resistance. There is no allegation that Harris had an imminent and impending threat that induced fear of death or serious bodily injury, that he had not recklessly placed himself in such circumstances, and that he had no reasonable alternative but to violate the law to avoid the threatened harm. Nor did the defendant allege that the threat was a "real emergency leaving no time to pursue any legal alternative." Accordingly,

IT IS ORDERED that the defendant's request for an instruction on duress, coercion or justification IS DENIED.

Lake Charles, Louisiana, this 13 day of September, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE